---

## SNOW ex parte.

VENUE. *When affidavit for change of, presumed waived.*

Where a party would be entitled, under the statute, to a change of venue, upon making application in conformity to the requirments of the statute, and an order of record is entered by agreement and consent of the parties changing the venue, this court will presume the application required by the statute was made or offered to be made, and all objections thereto were waived.

PETITION for *Mandamus*.
*U. M. Rose*, for petitioner.

FARRELLY, Sp. J. The petitioner alleges that he sued Andrew J. Cox, in the Carroll county circuit court. The defendant appeared and, on application alleging that the minds of the inhabitants of that county were prejudiced against him, the venue was changed to Boone county. In the Boone circuit court, the defendant again made application for a change of venue, on the ground that the judge of that court would not give him a fair and impartial trial, and the venue was changed to Washington county. When the cause came on for trial in Washington circuit court, by consent and agree-

ment of the parties to that effect, the court considered and ordered that the cause be transferred back to Carroll county for trial. That all the original papers and all the records and proceedings had, in the cause, in the Washington circuit court, were, in obedience to the last mentioned order, filed in the Carroll county circuit court and the cause there docketed for trial. That the regular judge being disqualified, by reason of having been of counsel in the cause, in pursuance of law, a special judge was chosen to preside ; whereupon, the defendant appeared and moved to dismiss the case, and to strike the same from the files of the court for want of jurisdiction, which motion was sustained by the court. Petitioner again appeared before the Washington circuit court and moved the court to docket said cause and proceed to trial therein, but the defendant objected to said court taking jurisdiction, and the court sustained the objection, considering that it had been divested of its jurisdiction by the last mentioned change of venue to the Carroll circuit court.

Petitioner now asks this court for a writ of *mandamus*, requiring the judge of the circuit court of Carroll county, in this cause presiding, to hear and determine the same.

It is not questioned, and if it were, it seems clear from the petition, that the applicant has brought his case within the rule of decision of this court, repeatedly announced, that a party to be entitled to a writ of *mandamus* must show, by his petition, that he has a clear legal right, and that he has no other adequate remedy. The statement of this case clearly shows, nor is it controverted, that the circuit court of Carroll county, in which the suit was originally brought, had jurisdiction, both of the subject matter of the suit and of the parties thereto. It is equally clear that the circuit court of Washington county acquired jurisdiction, on change of venue, to hear and determine the cause. Both courts now refuse to

take cognizance of the case, on the ground that each has been ousted of its jurisdiction by the changes of venue between the respective counties; and we have the remarkable novelty presented, in this case, of a party to a suit in court, wandering about the country from year to year, from county to county, and from court to court, asking an adjudication upon his rights, in courts professedly admitting their jurisdiction, at one time or another, but as often closing their doors and denying him a hearing. That injustice may not be done, and that the administration of the law may not prove a failure, it is evident that the petitioner is entitled to have his case passed upon in some court, and it is equally evident, that either the Carroll or the Washington circuit court have jurisdiction to hear and determine the same.

The only question, then, for our consideration is, Did the last mentioned change of venue from the Washington circuit court reinvest the circuit court of Carroll county with jurisdiction in the cause?

The statute in force at the time, allowing a change of venue in a cause under a certain state of facts, and upon compliance with certain prerequisites, conferred a privilege, of which a party might avail himself or waive at his pleasure. The reason of the law was plain — that justice may be obtained — that the party might have a fair and impartial trial. It was a privilege a party might insist upon, and when the application was made in conformity to the statute, the court had no discretion in the matter.

In this case the change of venue from the Washington circuit court was had by agreement and consent of the parties. Could the defendant, then, be heard to object in the Carroll circuit court, to which the case has been transferred?

In the case of *The People v. Scates*, 3 Scammon (Ills.), 354, the relator was indicted for murder in the second judicial cir-

cuit, and after arraignment and plea of not guilty, moved the court for a change of venue to a county in the third judicial circuit; the state's attorney consented to the change, and an order changing the venue by consent was entered of record. When the cause came on for trial in the third judicial circuit, the state's attorney moved to dismiss for the want of jurisdiction, on the grounds that no application, as required by the statute, had been made to change the venue, and that consent could not give jurisdiction. The court, in considering these questions, say : " What is the effect of this consent by the state's attorney ? The application is made by the prisoner for a privilege, which, under a certain state of facts, if presented by petition and affidavit, the court must grant, having no discretion to refuse it. Does not the consent of the state's attorney operate as a waiver of the petition and affidavit ? Is it not an admission by him, and thus information to the court, that the facts do exist, which could authorize a change ? Is it anything more than dispensing by him, with prerequisites which he might insist on ? * * It is not perceived there is any difference in the principles applicable to a change of venue in civil and in criminal cases; in both certain facts must be made known to the court before a change can be had; yet, it is the constant practice on the circuit to waive the performance of all the requirements of the statute and consent to a change to a county mutually agreed upon by the parties. * * Objections to a change of venue, if there be any, should be made and served in the court where the application is made, and if a change is improperly allowed, it can be assigned as error by the party prejudiced thereby. The court to which a cause is sent, is not a court to review and reverse the orders and decisions of the court making the order or decision — it has no right to inquire into the regularity of the order."

Under the statute in force at the time the proceedings were

transferred to the Carroll circuit court, the defendant having already availed himself of his privilege under it, and the plaintiff not having had a change of venue, and being entitled to one on making application in conformity to the requirements of the statute, and an order of record having been entered in the Washington circuit court, by agreement and consent of the parties, changing the venue to the Carroll circuit court, we may presume the plaintiff made or offered to make the application as required by the statute, and the defendant waived the same; and applying the rule as laid down in the decision above quoted, we think the defendant ought not to have been heard to object to the jurisdiction of the Carroll circuit court.

We are of opinion, therefore, that a writ of *mandamus* should be awarded to the judge of the Carroll county circuit court, to take jurisdiction and proceed to hear and determine this cause.

*Mandamus* is awarded.

GREGG, J., being disqualified, did not sit in this case.